IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-20754
Conference Calendar

_____


JOE DANIEL WOODARD, JR.,

Plaintiff-Appellant,

versus

PACK UNIT MEDICAL STAFF ET AL.,

Defendants-Appellees.

- - - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-96-CV-3200
- - - - - - - - - - -
June 17, 1998
Before DAVIS, PARKER, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Joe Daniel Woodard, Texas prisoner #698715, appeals from the denial of his civil rights action as frivolous. Woodard contends that the district court erred by dismissing his appeal as frivolous; erred by dismissing his complaint without giving him an opportunity to amend it; erred by failing to direct a magistrate judge to conduct the hearing pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985); erred by relying on

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

medical records and the testimony of prison medical personnel; and erred by failing to appoint counsel to represent him.

Regarding Woodard's contention that prison officials were deliberately indifferent to his serious medical needs, we find the contention frivolous for essentially the same reasons relied upon by the district court. *Woodard v. Pack Unit*, No. H-96-CV-3200, *Spears* hearing transcript, pp. 10-11 (S.D. Tex. Aug. 11, 1997). Woodard's complaint, his more definite statement, and his testimony at the *Spears* hearing all indicated that he could not state a nonfrivolous claim. The district court did not err by dismissing the complaint without giving Woodard the opportunity to amend. *Jacquez v. Procunier*, 801 F.2d 789, 793 (5th Cir. 1986).

A district court may dismiss a complaint as frivolous following a *Spears* hearing. *Spears*, 766 F.2d at 180. Woodard's contention that the district court could not conduct his *Spears* hearing therefore is frivolous. Woodard's contention that the district court erred by relying on medical records and by making credibility determinations based on the testimony of administration witnesses is without a factual basis; the district court said nothing about medical records, the credibility of witnesses, or the testimony of prison administration witnesses when dismissing Woodard's complaint. Woodard did not request the appointment of counsel in the district court; Woodard's case did not present circumstances making the appointment of counsel

appropriate. *See Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982).

Woodard's appeal is without arguable merit and is frivolous. *Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983). We caution Woodard that any additional frivolous appeals filed by him or on his behalf will invite the imposition of sanctions. To avoid sanctions, Woodard is further cautioned to review any pending appeals to ensure that they do not raise arguments that are frivolous.

APPEAL DISMISSED. 5TH CIR. R. 42.2. SANCTION WARNING ISSUED.